UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HOWMEDICA OSTEONICS CORP. A subsidiary of Stryker Corporation, STRYKER CORPORATION A New Jersey corporation, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:17-cv-00938-SEB-TAB |
| DJO GLOBAL, INC. A California corporation, JAKE EISTERHOLD An individual, ERIC HUEBNER An individual, JUSTIN DAVIS An individual, | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER ON JUNE 14, 2018, STATUS CONFERENCE**

Parties appeared by counsel on June 14, 2018, for a telephonic status conference to follow up on the Court's May 24, 2018, discovery order [Filing No. 218] and to address text messages that the Individual Defendants had redacted in their productions as "locker room banter." The parties discussed with the Court these redacted text messages and redacted pricing and sales data, as well as production deadlines. The Court previously allowed the Individual Defendants to select 10 representative text messages and Plaintiff Howmedica Osteonics Corp. to blindly select an additional 10 for the Court to review *in camera*. The Court's review confirmed the Individual Defendants' concerns that the text messages were replete with sexually tinged banter, but also reflected the texts had some relevance to the issues in this case. Accordingly, the Court scheduled the June 14 follow up conference to further discuss and consider the potential overbreadth of the redactions, as well as what the Court called irregularities in the parties' productions.

With the benefit of this additional input and reflection, the Court finds that production of the unredacted text messages is appropriate. As the Court noted in its earlier order, two of the messages include potentially relevant information, and it appears that the Individual Defendants may have redacted relevant texts simply because they contain embarrassing language. The Individual Defendants admitted during the June 14 conference that some of the redacted messages concern the Individual Defendants discussing the non-compete agreement at issue. This supports the conclusion that the Individual Defendants redacted entire "locker room banter" messages irrespective of the other contents of the message. In a case such as this, text messages between the Individual Defendants that, at least to some degree, discuss the non-compete at issue can be of critical value.

The Individual Defendants' concerns about embarrassment, while legitimate, do not persuade the Court that production is disproportionate to the case. The parties agree that the confidentiality agreement is comprehensive. The agreement includes the ability to designate documents "for attorneys' eyes only." Thus, the agreement supplies sufficient protection. Further, the Court will not permit parties to use their embarrassment over their own sophomoric comments to shield potentially relevant information. For these reasons, the Court orders the Individual Defendants to produce the unredacted messages by July 16, 2018.

A letter to the Magistrate Judge from counsel for the Individual Defendants noted that at the May 3 conference, counsel acknowledged that the other five categories of redacted text messages would be covered by the confidentiality agreement. However, the letter states counsel did not intend to agree to remove the redactions for those five categories. The inclusion of texts from the other categories in the productions for *in camera* review is partially responsible for the irregularities the Court noted. Nonetheless, as with the "locker room banter" texts, the parties'

confidentiality agreement provides sufficient protection for these messages. Therefore, the Court confirms its order for the Individual Defendants to produce the messages.

During the June 14 conference, the parties also brought up a lingering issue over redactions to financial statements from Defendant DJO Global, Inc. HOC wants all redactions removed on pricing and sales data. DJO agreed to produce the Individual Defendants' commission statements, but denied further production on the basis that HOC can get the information it needs from the commission statements. DJO asserts that the pricing and sales data is especially sensitive, so they want to protect it.

Once again, the Court is not persuaded that the redactions are appropriate. As noted, the confidentiality agreement expressly includes the ability to designate documents for attorneys' eyes only precisely for this kind of sensitive information. HOC should not be forced to comb commission statements to cobble together the information it needs when that information is readily available in these redacted documents. Therefore, DJO is ordered to provide unredacted versions by July 16, 2018.

Finally, Defendants request relief from the June 14, 2018, deadline set in the Court's earlier discovery order. [*See* Filing No. 218, at ECF p. 8.] Defendants request an additional 30 days due to the large quantity of ESI they were ordered to produce. The Court grants this request and sets a July 16, 2018, deadline for the production to be complete. However, to minimize interruption to the discovery schedule, Defendants shall turn over the documents as soon as they are ready.

Date: 6/15/2018

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution: All ECF-registered counsel of record by email.