UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HOWMEDICA OSTEONICS CORP. A subsidiary of Stryker Corporation, STRYKER CORPORATION A New Jersey corporation, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:17-cv-00938-SEB-TAB |
| DJO GLOBAL, INC. A California corporation, JAKE EISTERHOLD An individual, ERIC HUEBNER An individual, JUSTIN DAVIS An individual, | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER ON TELEPHONIC STATUS CONFERENCE**

The parties appeared by counsel for a telephonic status conference on September 6, 2018, regarding a discovery dispute concerning text messages to and from Matt Long, a Plaintiff Howmedica employee. The Individual Defendants seek production of string text messages that Plaintiffs have withheld. Plaintiffs produced at least 2,338 texts but withheld between 19,000 and 20,000 others. Plaintiffs object to producing more, arguing that greater production is disproportionate to the needs of the case and that they produced all texts that contained any of the search terms in the ESI agreement. The Individual Defendants argue that the Court recently overruled similar objections they made, and that the Court ordered the string texts produced unredacted. Arguing what's good for the goose is good for the gander, the Individual Defendants now seek to apply the same reasoning to Long's texts: if any search terms show up in a string, Plaintiffs must produce the entire string.

1

Plaintiffs respond that they produced the individual texts that contain search terms and checked the texts surrounding them to see if any of the surrounding texts are relevant. Plaintiffs say they produced all of the relevant surrounding texts, and the Individual Defendants may request surrounding texts so they may have context for the produced messages. Plaintiffs argue that if they have to produce entire strings, which may be hundreds of texts long, simply because one text contains a search term, then the purpose of the ESI agreement is entirely defeated. Rather than limiting the documents they have to review, such inclusive productions would require them to review thousands of additional texts for confidential or privileged information and log each withheld text, regardless of the text's relevance. Plaintiffs assert that the Individual Defendants are free to add additional search terms if they think relevant texts have been missed.

The Individual Defendants' argument that what's good for the goose is good for the gander is persuasive. However, so is Plaintiffs' argument that this defeats the purpose of the ESI agreement and would add significant cost to the litigation. Ultimately, just because the texts do not contain a search term does not mean they are irrelevant and outside the bounds of discovery. And though Long is not a party, he is a very important witness as he is Plaintiff Howmedica's sales manager. Therefore, the Court will use the same procedure it used in reviewing the Individual Defendants' withheld texts. [*See* Filing No. 218, at ECF p. 4.] The Court recognizes that when Plaintiffs selected from the Individual Defendants' redacted texts, they had the benefit of the descriptions in the Individual Defendants' privilege log. However, the Court will not order Plaintiffs to create a privilege log for the more than 19,000 texts at issue. Instead, the parties shall work together cooperatively to submit 10 texts at the Individual Defendants' selection for the Court to review *in camera*. Plaintiffs are permitted to select an additional 10.

The parties shall make their selections by September 17, 2018, and Plaintiffs shall file the texts under seal by September 24, 2018.

Date: 9/7/2018

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution: All ECF-registered counsel of record by email.