UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HOWMEDICA OSTEONICS CORP. A subsidiary of Stryker Corporation, STRYKER CORPORATION A New Jersey corporation, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 1:17-cv-00938-JRS-TAB<br>) |
| DJO GLOBAL, INC. A California corporation, JAKE EISTERHOLD An individual, ERIC HUEBNER An individual, JUSTIN DAVIS An individual, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**ORDER ON DISCOVERY DISPUTE**

The parties appeared by counsel for a telephonic status conference on September 6, 2018, regarding a discovery dispute concerning text messages to and from Matt Long, an employee of Plaintiff Howmedica Osteonics Corp. In a prior discovery dispute, Howmedica successfully argued that text message strings are akin to email chains, which are considered one document for discovery purposes. When the Individual Defendants failed to show they should be permitted to withhold some texts that they argued were irrelevant and embarrassing "locker room banter," the Court ordered production. The Court reasoned that the Individual Defendants appeared to have withheld all embarrassing texts, even if they were relevant. The Individual Defendants now rely on the same logic in an effort to compel Howmedica to turn over between 19,000 and 20,000 texts, despite the fact they do not contain any of the search terms in their ESI agreement.

At the conference and in the Court's subsequent order [Filing No. 235] the Court permitted the parties to file up to 20 disputed text message strings for *in camera* review. The purpose of the review was to determine whether the withheld messages contain relevant

information such that the necessary effort and cost of producing the 19,000–20,000 withheld texts would be proportional to the needs of the case.

Having spent significant time reviewing the 6,137 texts the parties submitted, the Court finds that production of all the withheld texts is not proportional to the needs of the case. Disbursed throughout the strings are texts containing sensitive information that Howmedica would likely seek to withhold as privileged or designate as "for attorney's eyes only" because it pertains to confidential business information or trade secrets. The effort and cost of reviewing, designating, and logging all the texts would be significant. And out of the 6,137 texts, the Court found only five that are marginally relevant: 28808–12. This proportion is significantly lower than the proportion of relevant texts the Court found when reviewing the texts the Individual Defendants sought to withhold. [*See* Filing No. 218.] Further, requiring Howmedica to produce all the texts irrespective whether one of the agreed upon search terms is present greatly reduces, if not eliminates, the utility of the party's ESI agreement. With this in mind, it is clear that requiring Howmedica to produce another 19,000–20,000 texts is not appropriate. Nonetheless, Howmedica must produce texts 28808–12 within seven days of this order.

Finally, in the Court's order granting *in camera* review, the Court ordered Howmedica to *file* the text message strings under seal. [Filing No. 235, at ECF p. 3.] Though Howmedica emailed the texts to chambers, a review of the docket reveals they have not been filed. Howmedica shall file the texts under seal within seven days.

Date: 10/5/2018

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution: All ECF-registered counsel of record by email.